**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 10 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ERICK FRANCISCO MENJIVAR-HERNANDEZ,<br><br>  Petitioner,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>  Respondent. | No.  20-72407<br><br>Agency No. A206-834-315<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 7, 2023**
San Francisco, California

Before:  BYBEE and BUMATAY, Circuit Judges, and BENNETT,*** District Judge.

Erick Menjivar-Hernandez, a native and citizen of El Salvador, petitions for

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Richard D. Bennett, United States District Judge for the District of Maryland, sitting by designation.

review of the Board of Immigration's ("BIA") denial of his petition for withholding of removal.[1] We have jurisdiction under 8 U.S.C. § 1252(a)(1), and we deny the petition.

To show eligibility for withholding of removal, an applicant bears the burden of proving that his "life or freedom would be threatened in th[e] country [of removal] because of the alien's race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A). "To succeed, an applicant must show a 'clear probability' of persecution because of a protected ground." *Garcia v. Wilkinson*, 988 F.3d 1136, 1146 (9th Cir. 2021) (quoting *INS v. Stevic*, 467 U.S. 407, 429–30 (1984)).

The BIA determined that Menjivar-Hernandez failed to show a nexus between persecution and a statutorily protected ground. The BIA concluded that the gang members who targeted Menjivar-Hernandez were motivated by a desire to obtain money from him, not because of his actual or imputed political opinion or being a male member of the Menjivar-Hernandez family. The record does not compel a contrary conclusion. For example, Menjivar-Hernandez's asylum application states that he was being extorted because the gang members believed he was wealthy—not because of his family membership or political opinion. Letters from his family

---

[1] Menjivar-Hernandez did not meaningfully contest his asylum and Convention Against Torture ("CAT") claims before the BIA and so we do not address them.

2

members likewise do not mention any extortion tied to his family membership or political affiliation. Moreover, Menjivar-Hernandez claims he will be targeted because of his father's political activity, but he admits that there is no evidence his father was harmed by others. And there is no evidence that any other members of his family were harmed. Accordingly, substantial evidence supports the BIA's denial of withholding of removal.

In light of this disposition, we do not reach Menjivar-Hernandez's remaining contentions regarding persecution. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts are not required to decide issues unnecessary to the results they reach).

**PETITION DENIED.**